WILLIAM B. MARTIN *v.* WILLIAM KILBOURNE.

CHITTENDEN,
*January,*
1839.

When a creditor discharges the body of the debtor committed on execution, under the third section of the act of 1803, he is entitled, as matter of right and without notice to the debtor, to an alias execution against his property.

It is also the duty of the officer collecting such execution, under the statute of 1822, to add thereto the interest after 60 days from the rendition of the judgment, and levy and collect the same.

THIS was an action of ejectment. Plea, general issue, and trial by the court. The plaintiff claimed title by virtue of a levy of an execution in his favor against the defendant upon the demanded premises, and, on the trial in the county court, offered, among other things, the following in evidence, to wit, 1. The record of a judgment of Addison county court, December term, 1828, in his favor against the defendant. 2. An execution issued upon said judgment and a commitment of the defendant thereon to jail. 3. The record of a petition by plaintiff to said Addison county court, June term, 1837, setting forth that the plaintiff had discharged the defendant from imprisonment on said execution, under the statute of 1803, and praying for an alias execution on said judgment against the goods, chattels and estate of the defendant, with the judgment of said court thereon, granting the prayer of said petition ; and, 4. An alias execution issued thereupon against the goods, chattels and estate of defendant, with the officer's return upon such alias execution, that such execution had been levied upon the premises in question.

The defendant objected to the admission of said records and papers in evidence :

1. Because no notice was given to the defendant to appear and contest said petition ; and,

2. Because the officer, in levying said alias execution, had added the interest thereon, after sixty days from the rendition of the judgment.

It was admitted, that if the foregoing papers were admissible in evidence, the plaintiff was entitled to recover the demanded premises ; but the county court rejected the said papers, and rendered judgment, *pro forma*, for the defendant, under a rule agreed upon by the parties that, if this

court should be of opinion that the defendant's objections to the admission of said papers in evidence were not well founded, judgment was to be here rendered for the plaintiff to recover, &c.

*Maeck & Smalley*, for plaintiff.

*C. Adams*, for defendant.

The opinion of the court was delivered by

BENNETT, J.—The questions raised in argument, in this case, lie within a narrow compass. The statute provides, that when the judgment-debtor shall have been committed to jail, and shall have continued in jail for the space of three months, the creditor shall have full power to discharge the debtor from prison, and thereupon take out an alias execution, which any of the courts of this state are by the statute authorized to issue. The application to the court for an alias execution is not in the nature of an *adversary* proceeding, and there is no good reason why notice should be required ; and, indeed, if notice was required, it might often defeat the main object of the application. The taking of the body in execution is no satisfaction of the debt; and, while it remains in execution, no presumption of payment attaches. If the judgment has been, in point of fact, satisfied, or the alias execution improperly issued, the party must be put to the appropriate proceedings to set it aside. The creditor, upon his application, takes an alias execution, as matter of right and at his own peril. That this is the sound construction of the act of 1803, is apparent from the provision of the act of 1837, which provides that the act of 1803 shall be so construed as to authorize the clerks of the county courts, in vacation or at any other time, to issue alias executions, in all cases embraced in that act, without any special application to the court for the same.

On the question, whether the officer did right in adding interest to the execution, the court have no difficulty. By the act of 1822, it is provided, that all judgments, on which execution shall issue, shall be on interest after sixty days from the rendition thereof; and every officer executing the same is required to collect the interest, and is made accountable therefor. The statute enacts, that *all* judgments, on which executions shall issue, shall be on interest after 60 days, and is there any good reason why the court should, by construc-

tion, limit these general words, and hold the statute not applicable to the case under consideration?

The commitment of the body is not in the nature of payment of the debt; but is only a means which the law has provided for the creditor for enforcing satisfaction. If the debtor is discharged under the provisions of the act for the relief of poor debtors, the judgment is left in full force and effect against his estate, and should an action of debt be instituted on such judgment, it is clear that interest would be added to the damages. The only effect of the commitment is to suspend further remedy, as long as the body remains in execution, and it is difficult to see upon what principle it is to operate to prevent an accumulation of interest as an incident to the debt, in cases where it fails to produce a satisfaction of the debt itself. If the commitment had been made effectual to the production of a satisfaction of the debt, and the creditor had made a further claim of interest, it would have presented a different question from the present. The statute is express, giving interest on judgments after 60 days, and we see no good reason why it should not be applicable to the present case. The judgment of the county court must, therefore, be reversed, and, under the rule of the parties, judgment entered up for the plaintiff.